## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

CORALYNN E. WHITE        )

                           )    Case No. _____

       Plaintiff,       )

                           )

vs.                        )

                           )

JOSEPH JAMES FITZPATRICK,  )

AMBER FITZPATRICK,      )

JAY STASER,             )

THOMAS WUEST,        )

MARK BERNDSEN AND      )

THE CITY OF BREESE, ILLINOIS  )

                           )

       Defendants.     )

## <u>COMPLAINT</u>

COMES NOW Plaintiff, Coralynn E. White, for her Complaint against Defendants, Joseph James Fitzpatrick, Amber Fitzpatrick, Jay Staser, Thomas Wuest, Mark Berndsen and The City of Breese, Illinois, and states:

### I.  <u>JURY DEMAND</u>

1.    Plaintiff demands trial by a jury.

### II.  <u>PARTIES</u>

2.    Plaintiff, Coralynn E. White, is a citizen and resident of the State of Illinois, residing in Taylorville, Illinois.

3.    Defendants, Joseph James Fitzpatrick and Amber Fitzpatrick ("Amber"), husband and wife, are citizens and residents of the State of Illinois, residing in Breese, Illinois.

4.    Defendant, Jay Staser, is a citizen and resident of the State of Illinois, residing in Breese, Illinois.

Coralynn White vs. Joseph James Fitzpatrick, et al.

5.     Defendant, Thomas Wuest, is a police officer employed by the City of Breese, Illinois.  He is a citizen and resident of the State of Illinois, residing in or near Breese, Illinois.  This suit is brought against Defendant Thomas Wuest in his individual capacity and, with respect to the claims against The City of Breese, Illinois, in his official capacity.

6.     Defendant, Mark Berndsen, is a police officer employed by the City of Breese, Illinois.  He is a citizen and resident of the State of Illinois, residing in or near Breese, Illinois.  This suit is brought against Defendant Thomas Wuest in his individual capacity and, with respect to the claims against The City of Breese, Illinois, in his official capacity.

7.     Defendant, The City of Breese, Illinois, is a city located in Clinton County, Illinois, which is organized and existing under and by virtue of the laws of the State of Illinois.

### III.  VENUE AND JURISDICTION

8.     The Complaint is brought against Defendants, Thomas Wuest and Mark Berndsen, in their individual capacities, and with respect to the claims against The City of Breese, Illinois, in their official capacities.  A substantial part of the events or omissions giving rise to the claim occurred in Breese, Clinton County, Illinois, which is within the geographical jurisdiction of this Court.

9.     All the Defendants reside in Clinton County, Illinois.  The City of Breese, Illinois is located in Clinton County, Illinois.  Clinton County is within the geographical jurisdiction of this Court.

Coralynn White vs. Joseph James Fitzpatrick, et al.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

11.     The Complaint includes claims for violations of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.  The Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367, which provides for supplemental jurisdiction over all the other claims that are so related to the claims that are within the original jurisdiction of this Court that they form part of the same case or controversy.

## IV.  GENERAL ALLEGATIONS

12.     Plaintiff and Defendant, Joseph James Fitzpatrick ("Fitzpatrick"), previously lived together, but were not married.  They had a male child together, G.F., born in 2009.

13.     Plaintiff and Fitzpatrick separated during, about, February 2010.

14.     Fitzpatrick married Amber during about May 2010.  They have one child together.  Amber has three other children by previous marriages and/or relationships.

15.     Plaintiff is not married.

16.     In 2010 Fitzpatrick filed a Petition to determine child custody for G.F. in Christian County, Illinois.  The case is styled <u>Joseph James Fitzpatrick (Petitioner) vs. Coralynn Elizabeth White (Respondent)</u>, Christian County Case No. 2010-F-30.

17.     During, about, May 2015, the Christian County Court awarded primary custody of G.F. to Plaintiff and provided Fitzpatrick with visitation and temporary custody rights.

18.     On Sunday, June 7, 2015, Fitzpatrick had temporary custody of G.F.  He was required to return G.F. to Plaintiff in Greenville, Illinois, where Plaintiff would be returning from a camping trip in Missouri.

19.     On June 7, 2015 Fitzpatrick texted Plaintiff falsely advising her that Amber had left, that he did not have a car seat to use in returning G.F. to Plaintiff in Greenville, Illinois and that Plaintiff would have to pick G.F. up at Fitzpatrick's residence in Breese, Illinois.  He subsequently admitted that those statements were false.

20.     Fitzpatrick is six feet one inch tall and weighs about 230 lbs.  He is very muscular.  He works out.  He takes steroids.  He trained to be a mixed martial arts fighter and engaged in at least one mixed martial arts fight in St. Louis.  He was in the infantry of the United States Army, serving in Iraq.  When he returned from Iraq he told Plaintiff that he had been employed as a sniper and that he had killed 300 people in that role.  He also told Plaintiff that he suffers from Post-Traumatic Stress Disorder.  He was in Iraq during 2006 and 2007.

21.     Plaintiff is five feet three inches tall and weighs 120 lbs.

22.     When Plaintiff arrived at Fitzpatrick's home in Breese, Illinois, Fitzpatrick punched Plaintiff in the side of her head and knocked her to the

Coralynn White vs. Joseph James Fitzpatrick, et al.

floor.  No one else was present.  Fitzpatrick's wife, Amber, and their children were in another room.

23.     Fitzpatrick subsequently falsely claimed that Plaintiff had stabbed him in the arm and chest.  That was not true.

24.     Amber took the children next door to their neighbor, Jay Staser ("Staser"), and called 911.

25.     Staser arrived at Fitzpatrick's house.  The front door would not initially open.  When he was able to open the door he found Fitzpatrick sitting on the lower back/buttocks of Plaintiff with her head in the corner behind the front door.  Staser did not see a knife and did not see the altercation between Plaintiff and Fitzpatrick.  Staser also helped Fitzpatrick keep Plaintiff pinned to the floor until the police arrived.

26.     Staser did not see a knife when he first entered the premises.

27.     Fitzpatrick and Amber are employed at the Federal Prison in Greenville, Illinois.

28.     Staser and Fitzpatrick are close friends and are also friends with Police Officers Mark Berndsen ("Berndsen") and Thomas Wuest ("Wuest").  Staser and Wuest are best friends.

29.     Plaintiff was accompanied by her friend, Robert Colten Waddington ("Waddington"), to Fitzpatrick's home.  Waddington remained in the car while Plaintiff entered the home to take custody of G.F..

30.     After Fitzpatrick struck Plaintiff, knocking her to the floor and possibly puncturing her eardrum, Plaintiff yelled for help to Waddington.

Coralynn White vs. Joseph James Fitzpatrick, et al.

Waddington heard her cries for help and attempted to enter the home.  Staser then locked him out of the house pursuant to Fitzpatrick's instructions.

31.     When Officers Wuest and Berndsen arrived on the scene, they ordered Plaintiff to leave the house.  They then left the house with Plaintiff and questioned Plaintiff for more than five minutes in the yard, leaving Defendants Staser and Fitzpatrick alone in the house.

32.     Fitzpatrick's shirt was subsequently photographed, but not retained, by the police officers.  It had no holes that would correspond to the stab injuries Fitzpatrick claimed to have suffered.  Wuest and Berndsen left the shirt with Fitzpatrick who subsequently either discarded it, or falsely claimed to have discarded it.

33.     When Police Officers West and Berndsen and Wuest reentered the house, they found a knife.  The knife was a small wooden handled pocketknife.

34.     No one other than Fitzpatrick ever claimed to see Plaintiff with the knife in her possession.  Its owner has never been established.

35.     Subsequent examinations of the knife revealed that it did not have any blood on it and that there were no fingerprints of Plaintiff on the knife.

36.     Plaintiff did not own the knife, never had possession of the knife, and did not use the knife, or any other instrument, to stab Fitzpatrick.  She did not stab Fitzpatrick.

37.     Fitzpatrick received medical treatment which included staples in his left arm and stitches on his chest.  The wounds were all superficial.

38.     Fitzpatrick has a history of violence against women.  He has been charged with domestic battery, aggravated battery, aggravated domestic battery, unlawful visitation and interference with respect to child custody disputes on numerous occasions.  A summary of some of the charges of violence against Amber is set forth in Exhibit A attached hereto and incorporated herein by reference.

39.     Fitzpatrick also pulled a gun and shot it in the air twice, in June 2009, in a dispute with Plaintiff, when he also beat Plaintiff's head against a road.

40.     On about December 31, 2009 Fitzpatrick beat up two of Plaintiff's male friends after they brought Plaintiff to Fitzpatrick's apartment.  Fitzpatrick and Plaintiff are both originally from Pana, Illinois, a small town with a population of about 3,300.  Many citizens of Pana are afraid of Fitzpatrick because of his propensity to commit violent acts.

41.     Fitzpatrick has been charged with beating his wife Amber on several occasions, some of which are described in Exhibit A.

42.     Plaintiff never saw the knife until after Defendants Berndsen and Wuest reentered the home and, for the first time claimed to have discovered the knife after Fitzpatrick and Staser had been left in the home alone for an extended period of time.

43.     At the instance and request of Defendants Fitzpatrick, Amber, Staser, Wuest and Berndsen, Plaintiff was arrested and charged with felony

Coralynn White vs. Joseph James Fitzpatrick, et al.

battery and felony aggravated domestic battery in the Circuit Court of Clinton County, Illinois, Case No. 15-CF-84.

44.     While the criminal charges against Plaintiff were pending, Fitzpatrick filed a Petition for an Emergency Order of Protection, on June 8, 2015, in Clinton County Circuit Court, Case No. 15-OP-37.  That case was later transferred to Christian County.  The Order of Protection was granted in Christian County, Case No. 15-OP-205.  That Order removed G.F. from Plaintiff's primary custody and placed G.F. in the exclusive custody of Fitzpatrick.  Fitzpatrick and Amber testified in the Order of Protection case.

45.     The criminal case against Plaintiff was tried in Clinton County, Illinois resulting in a jury verdict of not guilty on all charges on about October 13, 2016.

46.     Fitzpatrick, Amber, Staser, Wuest and Berndsen all testified for the State of Illinois in the criminal case.  The jury returned a verdict in favor of Plaintiff, Coralynn White, in the criminal case in Clinton County on about October 13, 2016.

47.     Plaintiff was arrested by Police Officers Wuest and Berndsen on June 7, 2015 and was kept in jail from about 7:00 p.m. on June 7, 2015 until about 4:00 p.m. on June 8, 2015, a period of 21 hours, until she was released on bond.  Plaintiff's father paid $1,500.00 to obtain her release on bond.  She is required to reimburse her father.

48.     Fitzpatrick also filed a Petition for Modification of the Child Custody Award in Christian County, Case No. 2010-F-30, in which Joseph

Coralynn White vs. Joseph James Fitzpatrick, et al.

James Fitzpatrick is the Petitioner and Coralynn Elizabeth White is the Respondent.  The Petition for Modification of Custody was filed on about August 27, 2015.  It included claims that Plaintiff had attacked Petitioner Fitzpatrick with a knife while their minor child, G.F., was present.

49.    An evidentiary hearing was held in Christian County Case No. 2010-F-30 on November 22, 2016 and December 6, 2016.  Fitzpatrick, Amber, Wuest, Berndsen and Plaintiff all testified.

50.    In the criminal case the jury found that Plaintiff was not guilty of the battery and aggravated battery charges beyond a reasonable doubt.

51.    In the child custody case, which heard essentially the same evidence from the same witnesses, the Court determined that Fitzpatrick failed to prove the charges that Plaintiff stabbed him by a preponderance of the evidence.  The judgments in the criminal and child custody cases are final, in favor of Plaintiff Coralynn White, no appeals were filed and the time for appeal has passed.

52.    A copy of the six-page Order entered by the Court in the child custody case on December 16, 2016 is attached hereto as Exhibit B and incorporated herein by reference.

53.    As a result of the false charges by Fitzpatrick in the criminal case, in the child custody case and in the Order of Protection case, Plaintiff lost custody and all visitation rights with G.F. for a period of about eighteen months and incurred attorney's fees in a sum in excess of $46,000.00 and fees for an investigator in a sum in excess of $15,000.00 in addition to the

$1,500.00 cost for her release on bail while the criminal charges were pending. Plaintiff also lost fees she had paid, in excess of $5,000.00, to take the CPA Exam, as well as the loss of her study time for the exam.  The value of the loss of study time is in excess of $10,000.00.

54.     Defendants, Wuest and Berndsen, failed to conduct a reasonable investigation of the criminal charges by failing to secure the alleged crime scene when they first entered the home, by leaving Defendants Fitzpatrick and Staser inside the home while they interrogated Plaintiff outside the home, by failing to secure and retain Fitzpatrick's shirt, by disregarding the absence of blood and fingerprints on the knife, by failing to consider the disparity in size and strength between Plaintiff and Fitzpatrick, and by providing Fitzpatrick and Staser with an opportunity to plant the knife as false evidence, and to discard and/or fail to produce his shirt; and by failing to remove themselves from the investigation and involve an impartial officer in the investigation because of their friendship with Staser and Fitzpatrick.  They acted with deliberate indifference to Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## COUNT I

### (AGAINST FITZPATRICK, AMBER, STASER, WUEST AND BERNDSEN UNDER 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES)

55.     Plaintiff realleges and incorporates herein by reference ¶¶ 1-54 as fully set forth above.

Coralynn White vs. Joseph James Fitzpatrick, et al.

56.     Defendants Wuest and Berndsen failed to reasonably investigate the criminal charges against Plaintiff by removing Plaintiff from Fitzpatrick's home to interrogate her while leaving Fitzpatrick and Staser, alone, inside the home, by failing to secure and retain Fitzpatrick's shirt, by disregarding the absence of blood and fingerprints on the knife, by failing to consider the disparity in size and strength between Plaintiff and Fitzpatrick, and by providing Fitzpatrick and Staser with an opportunity to plant the knife as false evidence, and to discard and/or fail to produce Fitzpatrick's shirt; and by failing to remove themselves from the investigation and involve an impartial officer in the investigation because of their friendship with Staser and Fitzpatrick.  The police officers did not find the knife until they returned from the yard, where they were interrogating Plaintiff, to the home.  They failed to secure the crime scene providing Fitzpatrick and Staser with an opportunity to plan the pocket knife and thereby fabricate evidence.  They acted with deliberate indifference to Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

57.     Defendants Berndsen and Wuest also favored Fitzpatrick in the criminal investigation, and in their testimony in the criminal and child custody cases, because of Officer Wuest's friendship with Staser and because Fitzpatrick, and his wife, Amber, were both fellow security officers, working for the Federal Prison System at the federal prison in Greenville, Illinois. Berndsen and Wuest were not impartial.

Coralynn White vs. Joseph James Fitzpatrick, et al.

58.     At all times herein relevant Defendants Fitzpatrick, Amber, Staser, Wuest and Berndsen were acting in concert pursuant to a common scheme and purpose of charging Plaintiff with aggravated battery and/or aggravated domestic battery for the purpose of transferring full custody of G.F. to Fitzpatrick and Amber.

59.     At all times herein relevant Defendants Wuest and Berndsen were acting under color of State law.

60.     At all times herein relevant Defendant Fitzpatrick was acting under color of State law by instigating the criminal charges against Plaintiff and by using the State criminal charges as a basis for his claims for full custody of G.F. in the child custody case, while also acting in concert with Wuest and Berndsen.

61.     At all times herein relevant Defendants Staser and Amber were acting under color of state law by acting in concert with Defendants Wuest, Berndsen and Fitzpatrick.

62.     Defendant Fitzpatrick testified falsely in the criminal case, the Order of Protection case and the child custody case by falsely testifying that Plaintiff stabbed him.  Defendants Wuest and Berndsen should have known those charges were false because the origin of the knife was never established, there were no fingerprints or blood on the knife, and no holes in Fitzpatrick's shirt in the vicinity of his wounds, according to the photograph of the shirt, and they deliberately failed to retain the shirt for testing.

Coralynn White vs. Joseph James Fitzpatrick, et al.

63.     Defendant Staser assisted Fitzpatrick in planting the knife to support Fitzpatrick's false charges that Plaintiff stabbed him.  He also used his close friendship with Defendant Wuest to secure criminal charges against Plaintiff and falsely testified against Plaintiff in the criminal case and in the child custody case.  Staser and Fitzpatrick fabricated evidence.

64.     Defendants Wuest, Amber, Berndsen, Staser and Fitzpatrick instigated the criminal charges against Plaintiff without probable cause, thereby falsely imprisoning Plaintiff during the 21 hours she was in jail.  Wuest and Berndsen acted without reasonable grounds to believe that Plaintiff committed the criminal offenses with which she was charged.

65.     Defendants Wuest, Amber, Berndsen, Staser and Fitzpatrick maliciously prosecuted the criminal charges against Plaintiff with malice and without probable cause to reasonably believe that Plaintiff committed the criminal offenses beyond a reasonable doubt.

66.     Defendants Wuest, Berndsen, Staser, Amber and Fitzpatrick, acting in concert, abused process by filing and prosecuting the criminal charges against Plaintiff for the ulterior purpose of transferring primary custody of G.F. from Plaintiff to Fitzpatrick and Amber.

67.     Defendants Wuest and Berndsen, acting in concert with Defendant Staser, Amber and Fitzpatrick, falsely arrested Plaintiff on the charges of aggravated battery and aggravated domesticate battery, without probable cause.

68.     Defendants falsely arrested, imprisoned and prosecuted Plaintiff without probable cause in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

69.     Plaintiff has incurred, and will incur, substantial attorney's fees in prosecuting this case in a sum in excess of $100,000.00, which Plaintiff is entitled to recover under 42 U.S.C. § 1988.

70.     The conduct of Defendants Wuest, Berndsen, Staser, Amber and Fitzpatrick, and each of them, was intentional, malicious, willful, wanton, outrageous and without justification warranting an award of punitive damages against each Defendant, separately, in a sum in excess of $200,000.00.

71.     As a direct result of the denial of Plaintiff's right to be free of unlawful seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States, Plaintiff sustained the following damages:

(a)     Imprisonment for a period of 21 hours resulting in loss of freedom of movement in a sum in excess of $25,000.00;

(b)     Loss of primary custody of G.F. for a period of 18 months causing substantial emotional distress and a loss of the close relationship Plaintiff held with her son G.F. in a sum in excess of $200,000.00;

(c)     Past and future medical expenses for treatment for emotional and mental distress for Plaintiff and for G.F. (paid by Plaintiff) in a sum in excess of $10,000.00;

(d)     Attorney's fees in defending the criminal and child custody cases in a sum in excess of $47,000.00;

Coralynn White vs. Joseph James Fitzpatrick, et al.

(e)     Private investigator fees incurred in defending the criminal and child custody cases in a sum in excess of $15,000.00;

(f)     Bail bond charges in the sum of $1,500.00;

(g)     Loss of fees that Plaintiff paid to take the CPA Exam in a sum in excess of $5,000.00 and loss of the study time expended for that purpose in an additional sum in excess of $10,000.00.

## COUNT II

### (AGAINST FITZPATRICK, AMBER, STASER, WUEST AND BERNDSEN UNDER 42 U.S.C. § 1983 AND THE FIFTH AND FOURTEEN AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES)

72.     Plaintiff realleges and incorporates herein by reference ¶¶ 1-54 and 56-67 and 69-70 as fully set forth above.

73.     Defendants falsely arrested, imprisoned and prosecuted Plaintiff without probable cause in violation of the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

74.     Plaintiff was denied substantive due process of law in that there were no reasonable grounds for Wuest and Berndsen to reasonably believe that Plaintiff committed the criminal offenses of felony battery or felony aggravated domestic battery.

75.     Defendants Wuest and Berndsen acted with deliberate indifference and failed to conduct a reasonable investigation as stated more specifically in ¶¶ 54 and 56 above.

Coralynn White vs. Joseph James Fitzpatrick, et al.

76.     As a direct result of the denial of Plaintiff's right of substantive due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States, Plaintiff sustained the following damages:

(a)     Imprisonment for a period of 21 hours resulting in loss of freedom of movement in a sum in excess of $25,000.00;

(b)     Loss of primary custody of G.F. for a period of 18 months causing substantial emotional distress and a loss of the close relationship Plaintiff held with her son G.F. in a sum in excess of $200,000.00;

(c)     Past and future medical expenses for treatment for emotional and mental distress for Plaintiff and for G.F. (paid by Plaintiff) in a sum in excess of $10,000.00;

(d)     Attorney's fees in defending the criminal and child custody cases in a sum in excess of $47,000.00;

(e)     Private investigator fees incurred in defending the criminal and child custody cases in a sum in excess of $15,000.00;

(f)     Bail bond charges in the sum of $1,500.00;

(g)     Loss of fees that Plaintiff paid to take the CPA Exam in a sum in excess of $5,000.00 and loss of the study time expended for that purpose in an additional sum in excess of $10,000.00.

Coralynn White vs. Joseph James Fitzpatrick, et al.

## COUNT III

### (AGAINST THE CITY OF BREESE, ILLINOIS UNDER 42 U.S.C. § 1983 AND THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES)

77.     Plaintiff realleges and incorporates herein by reference ¶¶ 1-54, 56-71 and 73-76 as fully set forth above.

78.     Defendant, The City of Breese, Illinois, acting under color of state law, had a custom or practice or policy of permitting the denial of due process of law to individuals when the alleged victim of an alleged crime was a person with the police officers investigating alleged crimes and/or of permitting police officers who were not impartial to investigate crimes involving their friends and friendly acquaintances.

79.     Defendant, City of Breese, Illinois, used inadequate hiring and training practices and policies to hire and train its police officers to avoid denying due process of law to individuals who allegedly committed offenses against friends and friendly acquaintances of the police officers and by failing to hire and train its police officers to refrain from investigating alleged crimes when they were not impartial.

80.     The City of Breese, Illinois' hiring and training practices are inadequate.

81.     The City of Breese, Illinois was deliberately indifferent to the rights of others in adopting its policies, customs and practices and in hiring and failing to train its police officers.

Coralynn White vs. Joseph James Fitzpatrick, et al.

82.     By adopting the policies, customs, practices and procedures described above, and by adopting the hiring practices and by failing to train its police officers as described above, the City of Breese, Illinois caused Plaintiff to sustain damages, in violation of the Fourth, Fifth and Fourteen Amendments to the Constitution of the United States and 42 U.S.C. § 1983, in the following respects:

(a)     Imprisonment for a period of 21 hours resulting in loss of freedom of movement in a sum in excess of $25,000.00;

(b)     Loss of primary custody of G.F. for a period of 18 months causing substantial emotional distress and a loss of the close relationship Plaintiff held with her son G.F. in a sum in excess of $200,000.00;

(c)     Past and future medical expenses for treatment for emotional and mental distress for Plaintiff and for G.F. (paid by Plaintiff) in a sum in excess of $10,000.00;

(d)     Attorney's fees in defending the criminal and child custody cases in a sum in excess of $47,000.00;

(e)     Private investigator fees incurred in defending the criminal and child custody cases in a sum in excess of $15,000.00;

(f)     Bail bond charges in the sum of $1,500.00;

(g)     Loss of fees that Plaintiff paid to take the CPA Exam in a sum in excess of $5,000.00 and loss of the study time expended for that purpose in an additional sum in excess of $10,000.00.

Coralynn White vs. Joseph James Fitzpatrick, et al.

## COUNT IV

### (COMMON LAW MALICIOUS PROSECUTION AGAINST DEFENDANTS FITZPATRICK, AMBER, STASER, WUEST AND BERNDSEN)

83.     Plaintiff realleges and incorporates herein by reference ¶¶ 1-54, 56-67 and 70 as fully set forth in Count I above.

84.     Defendants, Fitzpatrick, Amber, Staser, Wuest and Berndsen, maliciously prosecuted the criminal case against Plaintiff, without probable cause to reasonably believe that Plaintiff committed the criminal offenses beyond a reasonable doubt.  The criminal case terminated in favor of Plaintiff. The criminal complaint was initiated by said Defendants.

85.     As a direct result of the malicious prosecution of the criminal charges against Plaintiff by Defendants, Fitzpatrick, Amber, Staser, Wuest and Berndsen, Plaintiff sustained the following damages:

(a)     Imprisonment for a period of 21 hours resulting in loss of freedom of movement in a sum in excess of $25,000.00;

(b)     Loss of primary custody of G.F. for a period of 18 months causing substantial emotional distress and a loss of the close relationship Plaintiff held with her son G.F. in a sum in excess of $200,000.00;

(c)     Past and future medical expenses for treatment for emotional and mental distress for Plaintiff and for G.F. (paid by Plaintiff) in a sum in excess of $10,000.00;

(d)     Attorney's fees in defending the criminal and child custody cases in a sum in excess of $47,000.00;

Coralynn White vs. Joseph James Fitzpatrick, et al.

(e)     Private investigator fees incurred in defending the criminal and child custody cases in a sum in excess of $15,000.00;

(f)     Bail bond charges in the sum of $1,500.00;

(g)     Loss of fees that Plaintiff paid to take the CPA Exam in a sum in excess of $5,000.00 and loss of the study time expended for that purpose in an additional sum in excess of $10,000.00.

## COUNT V

### (COMMON LAW FALSE ARREST AGAINST DEFENDANTS FITZPATRICK, AMBER, STASER, WUEST AND BERNDSEN)

86.     Plaintiff realleges and incorporates herein by reference ¶¶ 1-54, 56-67 and 70 as fully set forth in Count I above.

87.     Plaintiff was falsely arrested by Defendants Wuest and Berndsen, without probable cause, without having reasonable grounds to believe that Plaintiff committed the criminal offenses.

88.     Defendants Fitzpatrick, Amber and Staser acted in concert with Defendants Wuest and Berndsen and initiated the arrest and prosecution of Plaintiff.

89.     As a direct result of the conduct of Defendants, Fitzpatrick, Amber, Staser, Wuest and Berndsen, in falsely arresting Plaintiff, Plaintiff sustained the following damages:

(a)     Imprisonment for a period of 21 hours resulting in loss of freedom of movement in a sum in excess of $25,000.00;

Coralynn White vs. Joseph James Fitzpatrick, et al.

(b) Loss of primary custody of G.F. for a period of 18 months causing substantial emotional distress and a loss of the close relationship Plaintiff held with her son G.F. in a sum in excess of $200,000.00;

(c) Past and future medical expenses for treatment for emotional and mental distress for Plaintiff and for G.F. (paid by Plaintiff) in a sum in excess of $10,000.00;

(d) Attorney's fees in defending the criminal and child custody cases in a sum in excess of $47,000.00;

(e) Private investigator fees incurred in defending the criminal and child custody cases in a sum in excess of $15,000.00;

(f) Bail bond charges in the sum of $1,500.00;

(g) Loss of fees that Plaintiff paid to take the CPA Exam in a sum in excess of $5,000.00 and loss of the study time expended for that purpose in an additional sum in excess of $10,000.00.

## COUNT VI

### (COMMON LAW ABUSE OF PROCESS AGAINST DEFENDANTS FITZPATRICK, AMBER, STASER, WUEST AND BERNDSEN)

90. Plaintiff realleges and incorporates herein by reference ¶¶ 1-54, 56-67 and 70 as fully set forth in Count I above.

91. Defendants Wuest, Berndsen, Staser, Amber and Fitzpatrick, acting in concert, abused process by filing and prosecuting the criminal charges against Plaintiff for the ulterior purpose of transferring primary custody of G.F. from Plaintiff to Fitzpatrick and Amber.

Coralynn White vs. Joseph James Fitzpatrick, et al.

92.   Defendants' use of the criminal case for the ulterior purpose of transferring custody of G.F. from Plaintiff to Fitzpatrick and Amber was a misuse of the process of the criminal case.

93.   As a direct result of the abuse of process by Defendants, Wuest, Berndsen, Staser, Amber and Fitzpatrick, Plaintiff sustained the following damages:

(a)   Imprisonment for a period of 21 hours resulting in loss of freedom of movement in a sum in excess of $25,000.00;

(b)   Loss of primary custody of G.F. for a period of 18 months causing substantial emotional distress and a loss of the close relationship Plaintiff held with her son G.F. in a sum in excess of $200,000.00;

(c)   Past and future medical expenses for treatment for emotional and mental distress for Plaintiff and for G.F. (paid by Plaintiff) in a sum in excess of $10,000.00;

(d)   Attorney's fees in defending the criminal and child custody cases in a sum in excess of $47,000.00;

(e)   Private investigator fees incurred in defending the criminal and child custody cases in a sum in excess of $15,000.00;

(f)   Bail bond charges in the sum of $1,500.00;

(g)   Loss of fees that Plaintiff paid to take the CPA Exam in a sum in excess of $5,000.00 and loss of the study time expended for that purpose in an additional sum in excess of $10,000.00.

Coralynn White vs. Joseph James Fitzpatrick, et al.

## COUNT VII

### (COMMON LAW MALICIOUS PROSECUTION AGAINST DEFENDANT THE CITY OF BREESE, ILLINOIS)

94.     Plaintiff realleges and incorporates herein by reference ¶¶ 1-54, 56-67 and 70, as fully set forth in Count I above and ¶¶ 84-85, as fully set forth in Count IV above.

95.     At all times relevant Defendants, Wuest and Berndsen, were employees and agents of The City of Breese, Illinois, acting within the course and scope of their employment and agency.

96.     As a direct result of the malicious prosecution of the criminal charges against Plaintiff by Defendant, The City of Breese, Illinois, Plaintiff sustained the following damages:

(a)     Imprisonment for a period of 21 hours resulting in loss of freedom of movement in a sum in excess of $25,000.00;

(b)     Loss of primary custody of G.F. for a period of 18 months causing substantial emotional distress and a loss of the close relationship Plaintiff held with her son G.F. in a sum in excess of $200,000.00;

(c)     Past and future medical expenses for treatment for emotional and mental distress for Plaintiff and for G.F. (paid by Plaintiff) in a sum in excess of $10,000.00;

(d)     Attorney's fees in defending the criminal and child custody cases in a sum in excess of $47,000.00;

(e)     Private investigator fees incurred in defending the criminal and child custody cases in a sum in excess of $15,000.00;

Coralynn White vs. Joseph James Fitzpatrick, et al.

(f)      Bail bond charges in the sum of $1,500.00;

(g)      Loss of fees that Plaintiff paid to take the CPA Exam in a sum in excess of $5,000.00 and loss of the study time expended for that purpose in an additional sum in excess of $10,000.00.

## COUNT VIII

### (COMMON LAW FALSE ARREST AGAINST DEFENDANT THE CITY OF BREESE, ILLINOIS)

97.      Plaintiff realleges and incorporates herein by reference ¶¶ 1-54, 56-67 and 70, as fully set forth in Count I above, and ¶¶ 87-89, as fully set forth in Count V above and ¶ 95, as fully set forth in Count VII above.

98.      As a direct result of the conduct of Defendant, The City of Breese, Illinois, in falsely arresting Plaintiff, Plaintiff sustained the following damages:

(a)      Imprisonment for a period of 21 hours resulting in loss of freedom of movement in a sum in excess of $25,000.00;

(b)      Loss of primary custody of G.F. for a period of 18 months causing substantial emotional distress and a loss of the close relationship Plaintiff held with her son G.F. in a sum in excess of $200,000.00;

(c)      Past and future medical expenses for treatment for emotional and mental distress for Plaintiff and for G.F. (paid by Plaintiff) in a sum in excess of $10,000.00;

(d)      Attorney's fees in defending the criminal and child custody cases in a sum in excess of $47,000.00;

(e)      Private investigator fees incurred in defending the criminal and child custody cases in a sum in excess of $15,000.00;

Coralynn White vs. Joseph James Fitzpatrick, et al.

(f)     Bail bond charges in the sum of $1,500.00;

(g)     Loss of fees that Plaintiff paid to take the CPA Exam in a sum in excess of $5,000.00 and loss of the study time expended for that purpose in an additional sum in excess of $10,000.00.

## COUNT IX

### (COMMON LAW ABUSE OF PROCESS AGAINST DEFENDANT THE CITY OF BREESE, ILLINOIS)

99.   Plaintiff realleges and incorporates herein by reference ¶¶ 1-54, 56-67 and 70, as fully set forth in Count I above, and ¶¶ 91-93, as fully set forth in Count VI above and ¶ 95, as fully set forth in Count VII above.

100.   As a direct result of the abuse of process by Defendant, The City of Breese, Illinois, Plaintiff sustained the following damages:

(a)     Imprisonment for a period of 21 hours resulting in loss of freedom of movement in a sum in excess of $25,000.00;

(b)     Loss of primary custody of G.F. for a period of 18 months causing substantial emotional distress and a loss of the close relationship Plaintiff held with her son G.F. in a sum in excess of $200,000.00;

(c)     Past and future medical expenses for treatment for emotional and mental distress for Plaintiff and for G.F. (paid by Plaintiff) in a sum in excess of $10,000.00;

(d)     Attorney's fees in defending the criminal and child custody cases in a sum in excess of $47,000.00;

(e)     Private investigator fees incurred in defending the criminal and child custody cases in a sum in excess of $15,000.00;

Coralynn White vs. Joseph James Fitzpatrick, et al.

(f)      Bail bond charges in the sum of $1,500.00;

(g)      Loss of fees that Plaintiff paid to take the CPA Exam in a sum in excess of $5,000.00 and loss of the study time expended for that purpose in an additional sum in excess of $10,000.00.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, Coralynn E. White, prays for the following relief:

For Judgment against Defendants, Joseph James Fitzpatrick, Amber Fitzpatrick, Jay Staser, Thomas Wuest, Mark Berndsen and The City of Breese, Illinois, jointly and severally for the following amounts:

(a)      $25,000.00 for false imprisonment for a period of 21 hours;

(b)      $200,000.00 for the loss of primary custody and companionship of G.F. for a period of 18 months;

(c)      $10,000.00 for past and future medical expenses for treatment for emotional and mental distress for Plaintiff and for G.F.;

(d)      $47,000.00 for attorney's fees incurred in defending the criminal and child custody cases;

(e)      $15,000.00 for private investigator fees incurred in defending the criminal and child custody cases;

(f)      $1,500.00 for bail bond expenses;

(g)      $15,000.00 for loss of CPA exam fees and lost preparation time;

(h)      For attorney's fees in prosecuting this case in a sum in excess of $100,000.00.

Coralynn White vs. Joseph James Fitzpatrick, et al.

Plaintiff also moves the Court for Judgment awarding punitive damages in favor of Plaintiff and against the following Defendants separately:

(a)    Against Defendant Joseph James Fitzpatrick in a sum in excess of $200,000.00;

(b)    Against Defendant Amber Fitzpatrick in a sum in excess of $200,000.00;

(c)    Against Defendant Jay Staser in a sum in excess of $200,000.00;

(d)    Against Defendant Thomas Wuest in a sum in excess of $200,000.00;

(e)    Against Defendant Mark Berndsen in a sum in excess of $200,000.00.

Plaintiff also requests an award of Court costs in her favor and against all six Defendants, jointly and severally.

/s/ David M. Duree
David M. Duree, ARDC 0697087
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
P.O. Box 1416
O'Fallon, IL 62269
Tel:   618-628-0186
Fax:   618-628-0259
Email:  law@dmduree.net

*Attorney for Plaintiff, Coralynn E. White*