# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORALYNN E. WHITE,

    Plaintiff,

    v.

JOSEPH JAMES FITZPATRICK, *et al.*,

    Defendants.

Case No. 17-cv-00087-JPG-RJD

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Jay Staser's Motion (Doc. 32) to Dismiss Count II of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b). The Plaintiff filed a timely response (Doc. 33).

1. **Background**.

Count II of plaintiff's amended complaint alleges that several defendants, including Jay Staser, "falsely arrested, imprisoned and prosecuted Plaintiff without probable cause in violation of the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983." Defendant Jay Staser moves for dismissal of this count arguing that the Fifth Amendment only applies to actions of the federal government and that none of the defendants named in Count II are alleged to be federal actors.

2. **Standard.**

When reviewing defendants' Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes

the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

Further, Federal Rule of Civil Procedure 8(d)(2) allows a plaintiff to set out two or more statements of a claim. "If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."

3. **Analysis.**

In this case, Count II alleges a due process violation under the Fifth and Fourteenth Amendments. The Fifth Amendment is made applicable to the states by the Fourteenth Amendment. As such, no pleading error occurred simply because the plaintiff chose to put both the Fifth and Fourteenth Amendments within her allegations. Further, as noted above, Rule 8(d)(2) permits pleading more than two statements of a claim. Count II is sufficient with regard to the Fourteenth Amendment since the defendants are alleged to be state actors. Therefore, dismissal is not appropriate.

4. **Conclusion**.

Therefore, Defendant Jay Staser's Motion (Doc. 32) to Dismiss Count II of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** 5/17/2017         *s/J. Phil Gilbert*
                             **J. PHIL GILBERT**
                             **U.S. DISTRICT JUDGE**