# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORALYNN E. WHITE,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH JAMES FITZPATRICK, AMBER FITZPATRICK, THOMAS WUEST, MARK BERNDSEN, and CITY OF BREESE, ILLINOIS,<br><br>    Defendants. | Case No. 3:17-cv-00087-JPG-RJD |

## MEMORANDUM & ORDER

This matter comes before the Court on the defendants' two bills of costs. The Fitzpatricks have asked for $1,562.09 in costs stemming from transcripts and printing. (Doc. 85.) Thomas Wuest, Mark Berndsen, and the City of Breese, Illinois have asked for $6,675.93 in costs stemming from transcripts, printing, and expert witness fees. Plaintiff Coralynn White has objected to the two bills of costs, asking the Court decline the award because (1) the defendants did not rely on the depositions of the plaintiff or the plaintiff's expert witness in the defendants' motion for summary judgment; and (2) four of the nine counts in the complaint were dismissed without prejudice to be re-filed in state court. (Doc. 87, 88.)

Ordinarily, the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. FED. R. CIV. P. 54(d)(1). Costs allowed are set forth in 28 U.S.C. § 1920. The Court may then review the Clerk's action within the next 7 days. *Id.* The Court presumes that a prevailing party is entitled to costs as a matter of course, *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000), but has the discretion to deny or reduce costs where warranted, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987).

1

Here, the defendants are the prevailing party and are entitled to costs as a matter of course: the Court granted in part their motion for summary judgment, dismissed five counts of the complaint with prejudice, and then dismissed the other four counts of the complaint without prejudice for lack of supplemental jurisdiction. (Doc. 80.) Moreover, the fact that the defendants did not rely on their depositions of the plaintiff or the plaintiff's expert in the defendants' motion for summary judgment is irrelevant: it is well within reason for a party to depose the opposing party and their expert when litigating a case. The Court finds that there is no good reason to deny or reduce costs here. *See Crawford Fitting Co., supra*.

Accordingly, the Court **DENIES** the plaintiff's objections to the two bills of costs. (Docs. 87, 88.) The Court **DIRECTS** the Clerk of Court to enter a judgment of costs consistent with the terms of this order.

**IT IS SO ORDERED.**

**DATED: MARCH 28, 2018**

<u>s/ J. Phil Gilbert</u>
J. PHIL GILBERT
DISTRICT JUDGE